UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------
IN RE:                                              )      CASE NO.   13-22251 (ASD)
                                                    )
                                                    )      CHAPTER   7
SHARON BRAINARD,                                    )
                                                    )      RE: ECF No. 124 & 125
            DEBTOR.                                 )
---------------------------------------------------------

**BRIEF MEMORANDUM AND ORDER
STAYING LITIGATION IN CONNECTION WITH DEBTOR'S OBJECTION TO
PROOF OF CLAIM NO. 1
INCLUDING DISCOVERY RELATED THERETO**

On August 28, 2014, following notice and a hearing held that same date (hereinafter, the "August 28 Hearing") in *Maria F. McKeon & McKeon Law Group LLC v. Brainard*, Adv. Pro. No. 13-2046, the Court denied the Plaintiff McKeon's *Motion to Amend Proposed Pretrial Order*, Adv. ECF No. 34,[1] by margin endorsement ("Matter is Stayed Per Statements Made on the Record of 8/28/2014," Adv. ECF No. 40). At the August 28 Hearing, the Court stayed all matters relating to the Plaintiff including the conducting of any discovery until such time as the Connecticut Supreme Court renders a decision in the case of *Olszewski v. Jordan*, 144 Conn. App. 144, *cert. granted*, 310 Conn. 930 (2013). *See* Docket Entry dated August 28, 2014, Adv. Pro. 13-2046 ("ALL MATTERS RELATING TO PLAINTIFF SHALL BE STAYED UNTIL THE RESOLUTION OF THE CT SUPREME COURT'S RULING").

Presently before the Court is the Debtor Sharon S. Brainard's (hereinafter, the

---

[1]References to "Adv. ECF No." refer to the docket of Adversary Proceeding 13-2046. References to "ECF No." refer to the docket of Case No. 13-22251.

"Debtor") *Request for a Hearing* (hereinafter, the "Request"), ECF No. 124, filed in Case No. 13-22251 "reclaiming" her Objection to Proof of Claim No. 1,[2] and seeking a hearing to consider that objection,[3] and McKeon's responsive *Objection to Request for Hearing Re: Debtor's Objection to Claim No.1*, ECF No. 125. A hearing to consider the Request and McKeon's Objection thereto was held on October 16, 2014 (hereinafter, the "October 16 Hearing"), following which the matter was taken under advisement.

Upon the Court's consideration of the relevant files and records of the present case and related adversary proceeding, the arguments of the parties at the October 16 Hearing, and having reviewed the oral transcript of the prior August 28, 2014 Hearing held to consider the entry of the earlier stay in the adversary proceeding, and

**IT APPEARING** that it would neither be fair to the parties nor serve the interests of judicial economy to permit the Debtor's Objection to Proof of Claim No. 1 to proceed in this case at this time while maintaining a stay in place with respect to Adversary Proceeding 13-2046, in accordance with which

**IT IS HEREBY ORDERED** that all actions otherwise permitted or required in connection with the prosecution and defense of the Objection to Proof of Claim No 1, including, but not limited to discovery related thereto, are hereby **STAYED** pending final resolution of *Olszewski v. Jordan*, 144 Conn. App. 144, *cert. granted*, 310 Conn. 930 (2013), or until the Stay previously imposed in Adversary Proceeding 13-2046 is lifted,

---

[2] In the Objection to Proof of Claim No. 1, filed by McKeon in the amount of $83,248.00, the Debtor objects to that claim and requests it be disallowed in full.

[3] The Debtor's Objection to Claim No. 1, originally scheduled for hearing on April 29, 2014, was marked "off" on that date. *See* docket entry of April 29, 2014.

2

whichever first occurs, or as otherwise ordered by the Court upon proper application filed by a party in interest.

Dated: October 22, 2014                                          BY THE COURT

                                                                 Albert S. Dabrowski
                                                                 United States Bankruptcy Judge