UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re: :<br>    SHARON S. BRAINARD, :<br>    *Debtor* :<br> : | Case No.: 13-22251 (AMN)<br>Chapter 7<br><br>Re: ECF Nos. 384, 391 |
|     MCKEON LAW GROUP, LLC, :<br>    *Plaintiff* :<br>v. :<br>    SHARON S. BRAINARD, and :<br>    BONNIE C. MANGAN, :<br>    CHAPTER 7 TRUSTEE :<br>    *Defendants* :<br> : | Adv. Pro. No. 19-2012 (AMN)<br><br><br><br><br><br>Re: AP-ECF Nos. 127, 135 |

**MEMORANDUM OF DECISION AND ORDER DENYING IN PART
MOTION TO ADMIT REBUTTAL EXHIBIT AND GRANTING IN PART MOTION TO
TAKE JUDICIAL NOTICE AND ORAL MOTION TO TAKE JUDICIAL NOTICE**

Before the court are two motions by creditor, McKeon Law Group LLC ("McKeon"), including: (1) an oral motion asking the court to take judicial notice of a UCC-1 Financing Statement filed with the Connecticut Secretary of State (the "Oral Motion"), and (2) a motion seeking clarification of the oral motion seeking to expand the request to include not only judicial notice of the UCC-1 Financing Statement, but also, to consider admitting a copy of the UCC-1 Financing Statement as a rebuttal exhibit ("Clarification Motion"). *See*, 13-22251 ECF Nos. 384, 391; 19-2012 AP-ECF Nos. 127, 135.[1] For the reasons that follow, the court denies the request to admit the UCC-1 Financing Statement as a rebuttal exhibit but grants the request to take judicial notice of the UCC-1 Financing Statement filed with the Connecticut Secretary of State.

---

[1]     Citations to the docket in case no. 13-22251 are noted by "13-22251 ECF No.___" Citations to the docket of the pending adversary proceeding, case number 19-2012, are noted as "19-2012 AP-ECF No. ___".

Recently, an evidentiary hearing and trial was held on January 14, 15, 21, 22, 2021 and February 2, 2021, regarding: (1) objections filed by the Chapter 7 Trustee ("Trustee") and, the debtor, Sharon Brainard ("Ms. Brainard") to McKeon's Proof of Claim 1-2 ("McKeon POC") filed in the debtor's Chapter 7 case no. 13-22251 (the "Main Case"); and (2) the complaint in adversary proceeding number 19-2012 by McKeon against the Trustee and Ms. Brainard ("Current Adversary Proceeding"). 13-22251 ECF Nos. 300, 303; 19-2012 AP-ECF No. 9.

During trial on January 15, 2021 (the second day of testimony), the court admitted McKeon's Ex. 76 (identified as ECF No. 364-76), consisting of a four-page copy of a UCC-1 Financing Statement that reportedly was a copy of what was filed with the Connecticut Secretary of State on October 17, 2013 ("McKeon Ex. 76").[2] In response to the court's questions, McKeon acknowledged McKeon Ex. 76 failed to contain a collateral description and that she might have erred in printing the entire form. McKeon Ex. 76 (that omits a page) is the same copy of the UCC-1 Financing Statement attached to the sixty-four-page McKeon POC, filed on October 22, 2019 and admitted during trial as Trustee's Ex. 16 (identified as ECF No. 358-16).

On February 2, 2021 (the fifth day of trial), McKeon attempted to correct the error of failing to ensure McKeon Ex. 76 and the McKeon POC was complete by asking the court to allow her show a witness a copy of the UCC-1 Financing Statement that McKeon previously attached to a motion filed in a now-closed adversary proceeding. *See*, Case No. 13-2046 (the "Closed AP Case").[3] The Closed AP Case involved a prior complaint

---

[2]   The parties had agreed to the authenticity of all proposed exhibits prior to trial, and, neither Ms. Brainard nor the Chapter 7 Trustee objected to the admittance of the exhibit.

[3]   Citations to the docket in the closed adversary proceeding, case no. 13-2046, are noted by "13-2046 AP-ECF No.___"

2

brought by McKeon against Ms. Brainard and the former Chapter 7 Trustee, Thomas C. Boscarino.  13-2046, AP-ECF No. 1.  Years ago, on December 2, 2015, McKeon filed a motion seeking to amend the complaint in the Closed AP Case.  13-2046, AP-ECF No. 92.  McKeon attached to that motion to amend a certified copy of the UCC-1 Financing Statement filed with the Connecticut Secretary of State on October 17, 2013 ("UCC-1 Copy").  13-2046, AP-ECF No. 92-2.

The court did not permit McKeon to show the UCC-1 Copy to the witness because the document was different than what was filed with the court and served on the other parties in anticipation of the trial.  The court determined that pursuant to Fed.R.Evid. 403[4] the probative value of the UCC-1 Copy was substantially outweighed by the prejudicial effect on opposing parties, specifically, the *pro se* debtor, Ms. Brainard, due to the lack of notice and its admission would be cumulative of the evidence already admitted (i.e. McKeon's Ex. 76).  In response, McKeon made the pending Oral Motion asking the court to take judicial notice of the UCC-1 filing that was filed with the Connecticut Secretary of State pursuant to Fed.R.Evid. 201.[5]  The Trustee objected because she was unsure whether she had seen the copy of the UCC-1 as filed with the Connecticut Secretary of State.[6]  The court directed McKeon to circulate to the Trustee and Ms. Brainard a PDF of the exact document she was referring to in the Oral Motion.

---

[4] Fed.R.Evid. 403 provides, in relevant part, that a "court may exclude relevant evidence is its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed.R.Evid. 403.

[5] Records of UCC filings are publicly available online through the Connecticut Secretaery of State's website located at: https://www.concord-sots.ct.gov/CONCORD/online?sn=PublicInquiry&eid=9755.

[6] While the UCC-1 Copy was a certified record, which means it is self-authenticating, it does not mean that the court must admit.  "While Rule 902 addresses one condition precedent to admissibility, this does not mean that self-authenticating evidence is necessarily admissible."  § 7133 Scope, 31 Fed. Prac. & Proc. Evid. (Wright & Miller) § 7133 (1st ed.).

3

After the complete copy was circulated, the Trustee partially objected to judicial notice being taken because the request was an end-run around multiple pre-trial scheduling orders.  Ms. Brainard objected on similar grounds.  The court took the Oral Motion under advisement and directed McKeon to email a copy of the exact document she was requesting the court take judicial notice of to the Courtroom Deputy.  *See*, ECF No. 384, *See also,* 19-2012 AP-ECF Nos. 126, 127.

Thereafter, on February 17, 2021, McKeon filed the pending Clarification Motion entitled a "motion to clarify request for judicial notice" requesting the court either admit as a rebuttal exhibit the UCC-1 Copy (19-2046 AP-ECF No. 92-2) and/or take judicial notice of the copy of the UCC-1 filed in the Closed AP Case and with the Connecticut Secretary of State.  13-22251 ECF No. 391; 19-2012 AP-ECF No. 135.

*Judicial Notice Relevant Law*

A court may take judicial notice of a fact that is "not subject to reasonable dispute" either because it is "generally known within the trial court's territorial jurisdiction" or because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed.R.Evid. 201(b); *See also*, *J & J Sports Productions, Inc. v. La Parranda Mexicana B. & Restaurante Co.*, Inc., 17-CV-4171-AMD-SJB, 2018 WL 4378166, at *1 (E.D.N.Y. Apr. 9, 2018)(The court can and does take judicial notice of information from the New York Secretary of State's website.).  Under Fed.R.Evid. 201(e), the parties are entitled to be heard on the propriety of taking judicial notice of the UCC-1 Financing Statement.  *See,* Fed.R.Evid. 201(e).

*Rebuttal Evidence Relevant Law*

"The function of rebuttal evidence is to explain or rebut evidence offered by the other party."  *U.S. v. Casamento*, 887 F.2d 1141, 1172 (2d Cir. 1989).  "A [ ] court has

wide discretion in determining whether to permit evidence on rebuttal. *U.S. v. Tejada*, 956 F.2d 1256, 1266 (2d Cir. 1992)(*citing, United States v. Nussen*, 531 F.2d 15, 20 (2d Cir.1976). "*Black's Law Dictionary* 1274 (7th ed.1999), defines the term as '[t]o refute, oppose, or counteract (something) by evidence, argument, or contrary proof.'" *U.S. v. Barrow*, 400 F.3d 109, 120 (2d Cir. 2005). "Rebuttal evidence is confined to new matters adduced by the defense and not to repetition of the plaintiff's theory of the case." *Schmidt v. Conagra Foods, Inc.*, 3:14-CV-1816 (SRU), 2020 WL 7027445, at *18 (D.Conn. Nov. 30, 2020)(*citing, Brune v. Time Warner Entm't Co., L.P.*, 2004 WL 2884611, at *2 (S.D.N.Y. Dec. 14, 2004)). "It is not an opportunity for the correction of any oversights in the plaintiff's case in chief." *Ironshore Ins. Ltd. v. W. Asset Mgt. Co.*, 11 CIV. 5954 LTS JCF, 2013 WL 2051863, at *2 (S.D.N.Y. May 15, 2013)(citations omitted).

The court is unpersuaded there is a basis for admitting the UCC-1 Copy as a rebuttal exhibit. Rebuttal evidence's function is to counter an opposing party's evidence. Neither Ms. Brainard nor the Trustee offered evidence suggesting McKeon failed to file a UCC-1 statement. Rather, upon the court's questions and the Trustee's cross-examination of McKeon, McKeon acknowledged the copy of the UCC-1 Financing Statement used as McKeon Ex. 76 failed to contain a collateral description. This questioning did not result in counter evidence, but rather revealed an omission in McKeon's evidence. Rebuttal evidence is not meant to be used to correct mistakes in a party's presentation of evidence. Because the UCC-1 Copy is not a rebuttal exhibit, would be prejudicial to the opposing parties who lacked notice of the exhibit, and in large part is duplicative of McKeon's Ex. 76 and the McKeon proof of claim, McKeon's request to admit the document as a rebuttal exhibit pursuant to Fed.R.Evid. 403 is denied.

However, the denial of the request to admit the UCC-1 Copy as a rebuttal exhibit does not mean it will not become part of the record this court considers. The court will take judicial notice of the copy of the UCC-1 Financing Statement filed with the Connecticut Secretary of State. The Connecticut Secretary of State's records are publicly available online and the sort of records that are readily determinable. During trial, the court provided the parties the opportunity required by Fed.R.Evid. 201(e) to contest the court's taking judicial notice of the UCC-1 Financing Statement. The court has considered the Trustee's and Ms. Brainard's objections to judicial notice but finds them unpersuasive. Therefore, the court will take judicial notice of the fact that McKeon filed a UCC-1 Financing Statement with the Connecticut Secretary of State on October 17, 2013 and the information contained within the filed UCC-1 Financing Statement including the collateral description.

Accordingly, it is hereby

**ORDERED**: That, McKeon's motion seeking clarification, ECF No. 391, is DENIED IN PART to the extent it seeks to admit a copy of the UCC-1 Financing Statement as a rebuttal exhibit or seeks the court to admit an exhibit to the motion to amend filed in the now-closed adversary proceeding, case no. 19-2046 as AP-ECF No. 92-2; and it is further

**ORDERED**: That, McKeon's Oral Motion seeking judicial notice, ECF No. 384, and McKeon's motion seeking clarification, ECF No. 391, is GRANTED IN PART, as set forth herein, and the court will take judicial notice of the UCC-1 Financing Statement as filed with the Connecticut Secretary of State pursuant to Fed.R.Evid. 201.

Dated this 3rd day of March, 2021, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut